NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-CV-284-KKC

JEFFREY MARK OLSON  PLAINTIFF

VS:  **MEMORANDUM OPINION AND ORDER**

J.J. MARSHALL & ASSOC., et al.  DEFENDANTS

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Jeffrey Mark Olson, an individual who is currently incarcerated in the Federal Medical Center in Lexington, Kentucky, has filed a *pro se* complaint and a motion to proceed *in forma pauperis*. The Motion has been granted by separate Order.

The complaint is now before the Court for screening. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). In the Court's screening, as with all pleadings submitted by *pro se* litigants, the pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations of the *pro se* litigant are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

## CLAIMS

Plaintiff claims that the Defendants have violated his rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

## DEFENDANTS

As the Defendants, the Plaintiff has named several professional collection organizations and, in two instances, an employee: (1) J.J. Marshall & Associates; (2) Paragon Way, Inc. and (3) its agent John Pickett; (4) Mutual Hospital Services; (5) CBCS, Inc.; (6) Cavalry Portfolio Services; (7) Federal Bond Collection Services and (8) its employee Rafael Ortiz.

## RELIEF REQUESTED

Plaintiff asks that the Court enjoin the Defendants from continuing their illegal collection activities and that he be awarded damages from each Defendant.

## JUDICIAL NOTICE

The Court takes judicial notice that this is the second cause of action which Olson has brought in this Court, *pro se* and *in forma pauperis*. The first was *Olson v. Resurgent Capital Services, LP*, Lex. No. 07-CV-290-KSF, wherein he sued another collection agency, Resurgent Capital Services, and two of its employees. Shortly after the matter was referred to a Magistrate Judge, the Plaintiff and Defendant entered into an agreed Stipulation of Dismissal. Consistent therewith, on December 19, 2007, the Court ordered the case dismissed with prejudice.

## FACTUAL ALLEGATIONS

In the instant cause of action, Plaintiff Olson makes the same allegations and asserts the same claims as he made in his previous case before this Court, but this time, instead of naming just one collection company as the Defendant, he names several.

Plaintiff attaches copies of the letters which he wrote to the collection companies, all virtually identical and all dated in the Spring of 2008. In each, he states that the purported debt is not his but is a result of fraud; he requests that he be provided with the name and address of the original creditor

and documents which validate the debt; and he demands that the company stop collection efforts on this disputed debt, consistent with 15 U.S.C. § 1692(g)(b),[1] or be liable for damages in a lawsuit in the United States District Court for the Eastern District of Kentucky, pursuant to the statute's subsection (k). In two of these letters, he has added:

> . . . If you think that this is inaccurate or that I will not follow though [sic] with a civil law suit, please check the active docket for the Eastern District of Kentucky, I was just awarded a very large amount from Resurgent Capital Services for continued debt collection; after they failed to follow the provisions of the Fair Debt Collection Practices Act.

Record No. 2, Exhibit B. Plaintiff also attaches the U. S. Postal Service's confirmations showing that the letters were received.

According to the Plaintiff, the Defendants either failed to respond to his letter or gave only a partial response. They are also alleged to have continued in their collection efforts. The last attachments to Plaintiff's complaint are recent credit reports from two credit agencies, which show that the named Defendants are still listed as having collection accounts against Olson.

## ORDER

The Plaintiff having alleged violations of federal law, the Defendants will be required to answer his complaint. Additionally, because Plaintiff was granted pauper status, based on the information in his recent affidavit, an Officer of the Court will serve process on his behalf pursuant to FED. R. CIV. P. 4(c)(2) and 28 U.S.C. § 1915(d).

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.  The named Defendants are (1) J.J. Marshall & Associates; (2) Paragon Way, Inc. and

---

[1] The correct citation is Section 1692g(b), *Disputed Debts*. As he did in his previous lawsuit, the *pro se* Plaintiff repeatedly puts the initial lower case letter in parentheses, but the error has not presented any difficulty in understanding his claims.

(3) its agent John Pickett; (4) Mutual Hospital Services; (5) CBCS, Inc.; (6) Cavalry Portfolio Services; (7) Federal Bond Collection Services and (8) its employee Rafael Ortiz.

2. The Clerk in the divisional office in which the case lies shall prepare and issue summons for the eight Defendants, using the addresses provided by the Plaintiff in his complaint [Record No. 2] at pages 2-3.

3. The Clerk shall also prepare as many copies of the complaint as there are summonses, an equal number of copies of the instant Order, and any required USM Forms 285 or other documents necessary to effectuate service consistent with Federal Rule of Civil Procedure 4. If insufficient information exists to sufficiently or effectively complete any summons or other forms regarding any Defendant, the Clerk shall promptly make a Clerk's entry on the docket stating the reason that the Clerk cannot fill out the summons or USM Form 285 or any other document.

4. After the Clerk's office has prepared the summonses, USM Forms 285, complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk shall hand deliver said documents to the United States Marshal's ("USM") Office in Lexington, Kentucky.

5. The Clerk shall docket the delivery of the above-described documents into the instant record.

6. The United States Marshal shall serve a summons, complaint copy, and copy of this Order on each named Defendant and shall do so by certified mail, return receipt requested, or by personal service, at the choice of the USM.

7. The USM Office is responsible for ensuring that each Defendant is successfully served with process, as set out in Federal Rule of Civil Procedure 4. In the event that an attempt at

service upon any Defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain the name and address of the agent for service of process or other such information as is necessary to ensure successful service.

8.   Within forty (40) days of the date of entry of this Order, the United States Marshal shall make a Return Report to the Court of whether each the summons is executed or is still unexecuted.

>    For each Defendant served by certified mail, the Service Report shall include:
>    i.     a copy of the green card showing proof of service; or
>    ii.    a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.
>    For each Defendant personally served, the Service Report shall indicate:
>    i.     that the defendant was successfully served personally, or
>    ii.    a statement explaining what efforts are being taken to locate the defendant and accomplish personal service.

9.   The Plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to promptly notify the Clerk of any address change may result in the dismissal of this case.

10.  For every further pleading or other document he wishes to submit for consideration by the Court, the Plaintiff shall serve upon each Defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each Defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

11.     The Plaintiff is advised that he must communicate with the Court *solely* through notices or motions filed with the Clerk's Office.  *The Court will disregard correspondence sent directly to a judge or magistrate judge.*

Dated this 16th day of July, 2008.

Signed By:
*Karen K. Caldwell*
United States District Judge