UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-CV-284-KKC

JEFFREY MARK OLSON                                                                                          PLAINTIFF

VS:                                              **OPINION AND ORDER**

J.J. MARSHALL & ASSOCIATES, et al.                                                            DEFENDANTS

This matter is before the Court on the Motion for Summary Judgment (DE 59) filed by the Plaintiff who is proceeding pro se and the Request for Judgment (DE 62) filed by the Defendant J.J. Marshall & Associates ("J. J. Marshall"), which is a professional collection agency that was retained to collect a $3,146.08 debt the Plaintiff allegedly owed National City Bank .

**I.     HISTORY.**

The Plaintiff filed this action on June 24, 2008, naming the following eight defendants: J.J. Marshall & Associates; Paragon Way, Inc.; John Pickett (a collections agent for Paragon); Mutual Hospital Services; CBCS, Inc.; Cavalry Portfolio Services Inc.; Federal Bond Collection Services, and Rafael Ortiz ( a collections agent for Federal Bond Collection Services).  The Plaintiff asserted that all Defendants had violated the Fair Debt Collections Practices Act (the "FDCPA"), 15 U.S.C. § 1692, et seq.

Because the Plaintiff is acting pro se, on July 16, 2008, the Court ordered the Clerk of the Court to prepare and issue summons for the eight defendants, using the addresses provided by the Plaintiff in his Complaint.  The Court also ordered the Clerk to deliver the summonses, the Complaint and any other documents necessary to effectuate service to the United State Marshal. The Court ordered the U.S. Marshal to serve each of the named defendants.

The Plaintiff later stipulated to the dismissal of Defendants CBCS, Inc. (DE 32) and Federal Bond Collection Services and Rafael Ortiz (DE 65). The Defendants Paragon Way, Inc. and John Pickett were dismissed by Agreed Order (DE 55). Accordingly, there are now three remaining Defendants:  J.J. Marshall & Associates; Mutual Hospital Services; and Cavalry Portfolio Services. Neither Mutual Hospital Service

nor Cavalry Portfolio Services have been served. The docket reflects that the U.S. Marshal attempted to serve these Defendants via certified mail which was returned unexecuted.

As to the allegations in the Complaint against the remaining Defendant J.J. Marshall, the Plaintiff asserts that he mailed a certified letter to J.J. Marshall "requesting validation of the alleged debt and further requested the name and address of the original creditor on April 30, 2008, and delivery was confirmed on May 12, 2008."  The Plaintiff asserts that J.J. Marshall "failed and refused to provide the requested information and continued collection efforts. . . ."  The Plaintiff asserts a claim under the Fair Debt Collections Practices Act at 15 U.S.C. § 1692g(b) which provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

## II.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 59).

The Plaintiff now moves for summary judgment on his claim against J.J. Marshall. Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Again, the Plaintiff's claim is that, by certified letter dated April 30, 2008, he requested J.J. Marshall to provide him the name and address of the original creditor pursuant to 15 U.S.C. § 1692g(b) but that J.J.

2

Marshall never responded and, instead, continued to try to collect the debt from him in violation of 15 U.S.C. § 1692g(b).

      A.      **Whether Section 1692g(b) Applies to J.J. Marshall.**

Under the plain language of Section 1692g(b), its restriction on debt collectors' activities apply only "[i]f the consumer notifies the debt collector in writing *within the thirty-day period described in subsection (a) of this section* that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor. . ." 15 U.S.C. §1692g(b)(emphasis added); *see also Campbell v. Credit Bureau Systems, Inc.*, 2009 WL 211046 at * 13 (E.D. Ky. 2009); *Senftle v. Landau*, 390 F.Supp.2d 463, 474-75 (D. Md. 2005); *Ditty v. CheckRite Ltd.*, 973 F.Supp. 1320, 1329 (D.Utah 1997). The thirty-day time period described in subsection (a) is the thirty-day period after the consumer's receipt of the notice described in Section 1692g(a).[1]

J.J. Marshall argues that it sent its Section 1692g(a) notice to the Plaintiff on June 22, 2004 but that the Plaintiff did not formally dispute the debt or request validation until May 27, 2005. J.J. Marshall submits the affidavit of its employee James Angelo who sets forth the dates of various correspondence between the parties.

Angelo asserts that J.J. Marshall sent a first collection notice to the Plaintiff on June 22, 2004. Angelo submits a typical first collection notice from J.J. Marshall that contains all of the information required by § 1692g(a). While, as will be further discussed below, the Plaintiff argues that the letters attached to Angelo's affidavit have not been properly authenticated, the Plaintiff does not dispute that he

---

[1] Section 1692g(a) requires the debt collector to send the consumer a notice containing the (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

3

received a §1692g(a) notice from J.J. Marshall on or around June 22, 2004.

Angelo also states that the Plaintiff's first letter to J.J. Marshall was dated May 27, 2005 and attaches a copy of the letter. Angelo asserts that J.J. Marshall received the letter on June 6, 2005. In the letter, Olson states, "[t]his is my official dispute of this account under the Fair Credit Reporting Act. . . ." The Plaintiff does not dispute that the letter attached to Angelo's affidavit is a copy of a letter that the Plaintiff sent to J.J. Marshall.

Angelo also states that, on June 7, 2005, J.J. Marshall sent the Plaintiff copies of bank statements obtained from National City Bank regarding the debt. Angelo states that, on July 7, 2005, J.J. Marshall sent a follow-up letter to the Plaintiff regarding the debt and the bank statements. The Plaintiff does not dispute that these communications occurred as Angelo asserts.

Angelo states that the Plaintiff responded by letter dated August 1, 2005 and attaches a copy of the letter to his affidavit. In the letter, the Plaintiff states that he had not authorized the account. He requests that J.J. Marshall provide him the social security number used to open the account. The Plaintiff also attaches a copy of this letter to his own affidavit submitted with his Motion for Summary Judgment.

Angelo states that J.J. Marshall next received a letter from the Plaintiff dated April 30, 2008 stating "[t]his is your official notice under the Fair Debt Collection Practices Act that I dispute this account." Angelo attaches a copy of this letter to his affidavit. The Plaintiff also attaches a copy of the April 30, 2008 letter to his Complaint at Exhibit A.

Thus, there is no dispute that J.J. Marshall sent a notice to the Plaintiff on June 22, 2004 or that the notice complied with the requirements of Section 1692g(a). Further, there is no dispute that the Plaintiff's first communication to J.J. Marshall was dated May 27, 2005.

Accordingly, there is at least sufficient evidence to prevent summary judgment that the Plaintiff failed to notify "the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address

of the original creditor." 15 U.S.C. § 1692g(b). Thus, there is sufficient evidence to prevent summary judgment that the provisions of Section 1692g(b) did not apply to J.J. Marshall.[2] Accordingly, the Plaintiff's Motion for Summary Judgment on his claim that J.J. Marshall violated those provisions must be denied.

### B. Angelo's Affidavit and Letters.

The Plaintiff argues that Angelo's affidavit is hearsay and should be disregarded because he does not state that he has personal knowledge of the contents and exhibits. However, Rule 56 of the Federal Rules of Civil Procedure does not require that the affiant *state in his affidavit* that the affidavit is made on personal knowledge. The Rule requires that the affidavit "be made on personal knowledge. . ." Fed. R. Civ. P. 56(e)(1). The Plaintiff does not dispute that Angelo has personal knowledge of the facts set forth in his affidavit. Nor does the Plaintiff dispute any of the facts set forth in Angelo's affidavit. The Plaintiff complains only that Angelo does not state in the affidavit that he has personal knowledge of the facts set forth in it. There is no such requirement. Moreover, Angelo states in his affidavit that he is "familiar with J.J. Marshall's books and record pertaining to the Plaintiff" and that he "could competently testify as to the truth of the matters set forth in this Affidavit." This is sufficient to satisfy Rule 56.

The Plaintiff also argues that the letters attached to Angelo's affidavit should not be considered by the Court because they are hearsay and have not been properly authenticated. The letters attached to Angelo's affidavit consist of a typical first collection notice from J.J. Marshall and the three letters from the Plaintiff dated, respectively, May 27, 2005, August 1, 2005, and April 30, 2008. Again, the Plaintiff does not dispute that he received a § 1692g(a) notice from J.J. Marshall as Angelo states or that he sent any of the

---

[2] In his reply brief, the Plaintiff argues that J.J. Marshall's response to his Motion for Summary Judgment is procedurally improper and should be stricken. It appears that the Plaintiff complains that J.J. Marshall did not title its pleading a "response" but instead titled it "Memorandum of Law in Opposition." The Plaintiff does not cite any authority which would permit the Court to strike J.J. Marshall's response because it is titled a memorandum of law in opposition and the Court knows of no such authority.
   The Plaintiff also complains that J.J. Marshall's response does not include a section labeled "Statement of Material Facts in Dispute." For this argument, the Plaintiff appears to rely on Local Rule 56.1(e) of the United States District Court for the Southern District of Indiana. That rule is not applicable in this Court.

other three letters attached to Angelo's affidavit. The Plaintiff himself has submitted the August 1, 2005 and April 30, 2008 letters.

The Plaintiff argues only that the letters should not be considered because they are not properly authenticated and are hearsay.

As to authentication of the letters, the letters are attached to Angelo's affidavit. Again, Angelo states in his affidavit that he is "familiar with J.J. Marshall's books and records pertaining to Plaintiff, Jeffrey Olson, and if sworn as a witness, could competently testify as to the truth of the matters set forth in this affidavit." Angelo then states that the first letter is an "exemplar of J.J. Marshall's standard and customary first collection notice." He then describes each of the three letters from the Plaintiff to J.J. Marshall that are attached to his affidavit and states that each letter is a copy of the original document. This satisfies Federal Rule of Evidence 901(a).

Furthermore, the letter from J.J. Marshall is on J.J. Marshall's letterhead. This, together with Angelo's affidavit, is sufficient evidence to establish its authenticity. *See Alexander v. CareSource*, 576 F.3d 551, 561 (6th Cir. 2009)(document containing a trade inscription indicating its origin is self-authenticated under Fed. R. Evid. 902(7)). And the Plaintiff himself has submitted the letters dated August 1, 2005 and April 30, 2008, thereby conceding their authenticity.

As to whether the letters are inadmissible hearsay, Rule 801(c) of the Federal Rules of Evidence defines hearsay as a statement "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Because the letters are offered to prove the dates and substance of the communications between the parties – and not to prove the truth of the assertions made in the letters – they are not hearsay. In other words, the letters are not offered as proof that the Plaintiff owes a debt or does not owe a debt or as proof of any other assertion made in them. Instead, the letters are offered as proof that the parties had certain communications regarding the alleged debts on certain dates and as proof of the substance of those communications.

Further, the three letters written by the Plaintiff are not hearsay under Rule 801(d)(2) of the Federal Rules of Evidence because they are the Plaintiff's own statements and are offered against him. Accordingly, the letters and Angelo's affidavit may be considered by the Court and, for the reasons stated, the Court will deny the Plaintiff's Motion for Summary Judgment.

### C. J.J. Marshall's Argument that Plaintiff's Claim is Time-Barred.

J.J. Marshall also argues that the Plaintiff's claim is time-barred pursuant to section 1692k(d) of the FDCPA which provides:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy...within one year from the date on which the violation occurs.

15 U.S.C. § 1692k(d).

J.J. Marshall argues that it is undisputed that it provided validation of the debt in response to the Plaintiff's May 27, 2005 letter. Thus, J.J. Marshall argues, the Plaintiff must be complaining that J.J. Marshall failed to respond to his second letter which was dated August 1, 2005. If so, J.J. Marshall argues, the Plaintiff was required to file this action within one year of August 1, 2005. It does seem that any claim by the Plaintiff that J.J. Marshall violated the FDCPA by failing to respond to him in 2005 as required under the Act is time-barred under Section 1692k(d).

However, the Plaintiff does not assert a claim based on J.J. Marshall's failure to respond to the August 1, 2005 letter. Instead, he complains that J.J. Marshall failed to respond to his letter of April 30, 2008 in which he requested validation of the alleged debt and further requested the name and address of the original creditor. In his Complaint, the Plaintiff asserts that he "mailed a certified letter to [J.J. Marshall], requesting validation of the alleged debt and further requested the name and address of the original creditor on April 30, 2008. . . ." (DE 1, Complaint ¶ 15). The Plaintiff complains that J.J. Marshall "failed and refused to provide the requested information and continued collection efforts in violation of 15 U.S.C. § [1692g(b)]." (DE 1, Complaint ¶ 16). In his Motion for Summary Judgment, the Plaintiff confirms that he

complains that J.J. Marshall failed to respond to his April 30, 2008 letter. (DE 59, Pf. Mem. on Summ. J. at pp. 3-4, *see also* pp. 8-9).

The Court has already determined that there is sufficient evidence that the provisions of Section 1692g(b) did not apply to J.J. Marshall because the Plaintiff failed to dispute the debt within 30 days of his receipt of the Section 1692g(a) notice. Thus, the Court need not address whether the Plaintiff's claim that J.J. Marshall violated Section 1692g(b) in 2008 is barred by the limitations period contained in Section 1692k(d).

### III. J.J. MARSHALL'S REQUEST FOR JUDGMENT (DE 62).

J. J. Marshall's pleading at issue is titled a "Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and Request for Entry of Judgment in Favor of J.J. Marshall." (De 62, emphasis added). As to J.J. Marshall's "request" that the Court enter judgment in its favor, J.J. Marshall does not specify the federal rule under which it is proceeding. Moreover, J.J. Marshall does not file an accompanying "motion" as contemplated under Local Rule 7.1

J.J. Marshall has now filed a separate pleading in which it moves for summary judgment under Federal Rule of Civil Procedure 56 (DE 70). Accordingly, the request for a ruling contained in the Defendant's response to the Plaintiff's Motion for Summary Judgment will be DENIED as moot.

### IV. DEFENDANTS MUTUAL HOSPITAL SERVICE AND CAVALRY PORTFOLIO SERVICES.

As stated above, there are two remaining defendants in this matter other than J.J. Marshall: Defendants Mutual Hospital Service and Cavalry Portfolio Services. The Complaint in this matter was filed June 24, 2008 but neither of these Defendants has been served. In an Order entered on May 14, 2009, the Court specifically called the Plaintiff's attention to Rule 4(m) which provides as follows:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend

   the time for service for an appropriate period. This subdivision (m) does not apply to service
   in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

  The Plaintiff received notice from the Court regarding the requirements of Rule 4(m) and has failed to serve the Defendants Mutual Hospital Service and Cavalry Portfolio Services. Accordingly, the Plaintiff's claims against those Defendants will be DISMISSED without prejudice.

  **V. CONCLUSION.**

  For these reasons, the Court hereby ORDERS as follows:

1) The Plaintiff's Motion for Summary Judgment (DE 59) is DENIED;

2) The Defendant J.J. Marshall & Associates Request for Judgment (DE 62) is DENIED as moot; and

3) All of the Plaintiff's claims against the unserved Defendants Mutual Hospital Services and Cavalry Portfolio Services Inc. are hereby DISMISSED without prejudice.

Dated this 13th day of October, 2009.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge